**EXHIBIT A**

James E. Magleby (7247)
  magleby@mcg.law
Jennifer Fraser Parrish (11207)
  parrish@mcg.law
Mark P. Arrington (15527)
  arrington@mcg.law
MAGLEBY CATAXINOS & GREENWOOD, PC
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Plaintiff George Hofmann,
  Chapter 11 Trustee

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **GEORGE HOFMANN, in his capacity as Chapter 11 Trustee of VIDANGEL, INC., a Delaware corporation,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DAVID W. QUINTO, an individual, and KUPFERSTEIN MANUEL, LLP fka KUPFERSTEIN MANUEL & QUINTO, LLP, a California limited liability partnership,**<br><br>**Defendants.** | **COMPLAINT AND JURY DEMAND**<br><br><br><br>**Tier 3**<br><br>**Case No.: 200902796**<br><br>**Honorable James Gardner** |

Plaintiff George Hofmann, not individually but solely in his capacity as the duly appointed, qualified, and acting Chapter 11 Trustee of VidAngel, Inc. ("VidAngel" or "Plaintiff"), through his counsel MAGLEBY CATAXINOS & GREENWOOD, PC, hereby complains against Defendants David W. Quinto ("Quinto") and Kupferstein Manuel, LLP

1

A-1

fka Kupferstein Manuel & Quinto, LLP ("Kupferstein" or the "Kupferstein Firm") (collectively, "Defendants") as follows:

## INTRODUCTION

1.  This is a legal malpractice case, by which VidAngel seeks to recover not less than sixty-three million dollars ($63,000,000) from Defendants, as a result of Defendants' liability for an adverse Judgment entered against VidAngel in the case of *Disney Enterprises, Inc., et al. v. VidAngel, Inc.*, Case No. CV 16-04109-AB in the U.S. District Court for the Central District of California.

## PARTIES

2.  VidAngel is a Delaware corporation, with its principal place of business in Utah County, Utah.

3.  Defendant Quinto is an individual who is believed to reside in Los Angeles County, California. At all relevant times, Quinto was a partner in and employed by the Kupferstein Firm, or employed by VidAngel as its General Counsel, and conducted business in Utah County, Utah.

4.  Defendant Kupferstein is a California limited liability partnership that acted in concert with and/or as an agent and/or principal of Quinto with regard to the conduct alleged in this Complaint. The Kupferstein Firm has a law office in Los Angeles, California, and at all relevant times, conducted business in Utah County, Utah.

## JURISDICTION AND VENUE

5.  This Court is vested with subject matter jurisdiction pursuant to Utah Code § 78A-5-102(1).

6. This Court has personal jurisdiction over Defendants pursuant to Utah Code § 78B-3-205, including because Defendants transacted business within the State of Utah, contracted to supply services in the State of Utah, and engaged in conduct directed to the State of Utah, with the harm flowing from such conduct suffered and being suffered in the State of Utah.

7. Venue is proper in this Court pursuant to Utah Code § 78B-3-307.

8. VidAngel presently claims damages in excess of $300,000, qualifying this action for Tier 3 designation under Rule 26 of the Utah Rules of Civil Procedure.

**GENERAL ALLEGATIONS**

**Attorney David W. Quinto and The Kupferstein Law Firm**

9. Quinto is a lawyer licensed in the State of California, and has been practicing law since 1982.

10. Quinto was employed by the Quinn Emannuel law firm, including as Partner, for approximately twenty-eight (28) years before leaving to become a founding Partner of the Kupferstein Firm in or about March of 2014.

11. Quinto has represented he has expertise in trade secret, trademark, trade dress, unfair competition, copyright, and complex business disputes.

12. The Kupferstein Firm offers legal services to clients in a number of areas, including business litigation, employment law, and class action defense.

13. On information and belief, Kupferstein compensated Quinto for his legal work and the clients he brought to the firm.

14. Quinto left the Kupferstein firm in or about August of 2015 to become a

Partner at Davis Wright Tremaine LLP.

15. Quinto then became General Counsel for VidAngel in or about August 2016, until he was terminated on November 11, 2019.

16. At all relevant times, Quinto practiced law and gave legal advice relating to copyright, intellectual property licensing, protection, infringement, and litigation.

17. Upon information and belief, Quinto has represented parties as both defense and plaintiff's counsel in copyright and other intellectual property litigation.

**The Attorney-Client Relationship Between VidAngel and Defendants**

18. VidAngel was formed in 2014 to provide "filtered" video content to subscribers.

19. In approximately 2014-2015, VidAngel engaged Quinto and the Kupferstein Firm to provide various legal services, which legal services Defendants did, in fact, provide. As a result, Defendants and VidAngel had an attorney-client relationship.

20. The legal services rendered by Defendants to VidAngel related to advising VidAngel on its business model, content licensing, protection of intellectual property, copyright issues, video filtering technology, streaming services, and other issues.

21. Among other things, Quinto provided a legal opinion memorandum (the "2015 Opinion"), analyzing potential copyright and other issues related to the proposed VidAngel technology.

22. The 2015 Opinion concluded that operation of the proposed VidAngel technology would not result in copyright infringement or other liability to VidAngel.

23. In reliance on the 2015 Opinion, VidAngel proceeded to implement the proposed technology as a streaming motion picture filtering service (the "VidAngel Service").

24. The VidAngel Service allowed paid subscribers to stream and watch major motion pictures in their homes with their choice of content filters, including filters that removed potentially objectionable content such as language, nudity, and sexual situations.

25. At all relevant times, Quinto acted on behalf of and within the scope of his employment with Kupferstein, and Quinto was authorized to provide legal services to VidAngel for the benefit of Kupferstein. As a result, Kupferstein is vicariously bound by the acts and omissions of Quinto.

26. As a result of the attorney-client relationship between VidAngel and Defendants, Quinto was placed in a position of trust and confidence with VidAngel, and had duties to VidAngel.

## The Disney Litigation

27. In June of 2016, several motion picture studios and owners of copyright in works streamed to customers through the VidAngel service (collectively, the "Studios"), filed suit against VidAngel alleging copyright infringement, violations of the Digital Millennium Copyright Act 17 U.S.C. §§ 1201, *et. seq.* ("DMCA") and other claims (the "Disney Litigation").

28. On December 12, 2016, the Court in the Disney Litigation found the Studios likely to succeed on the merits and entered a preliminary injunction ordering

VidAngel to cease streaming all of the Studios' works (the "Preliminary Injunction Order"). See *Disney Enters., Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957 (C.D. Cal. 2016).

29. VidAngel appealed the Preliminary Injunction Order to the Ninth Circuit Court of Appeals, which affirmed the order. See *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017).

30. The Court in the Disney Litigation subsequently ruled on summary judgment that the VidAngel service infringed the Studios' copyrights in over eight hundred (800) works and violated the DMCA. See *Disney Enters., Inc. v. VidAngel, Inc.*, 371 F. Supp. 3d 708 (C.D. Cal. 2019).

31. In a trial for damages, the Jury found VidAngel willfully infringed the Studios' copyrights, and awarded statutory damages for copyright infringement of $75,000 for each of eight-hundred and nineteen (819) works.

32. The Jury also awarded statutory damages of $1250 for each of the eight-hundred and nineteen (819) works for violations of the DMCA.

33. The total Judgment against VidAngel for both counts is $62,237,750.

34. In post-trial filings, VidAngel filed motions to amend or alter judgment and for new trial or remittitur, but the Court denied such motions on March 31, 2020.

### Attorney David W. Quinto and VidAngel, Inc.

35. After commencement of the Disney Litigation, VidAngel hired Quinto as its General Counsel.

36.  Quinto advised VidAngel throughout the Disney Litigation, providing services including litigation strategy and legal analysis.

37.  VidAngel relied on the advice, strategy, analysis, and other counsel of Quinto for the entirety of the Disney Litigation.

38.  Quinto advised VidAngel to pursue a highly litigious strategy against the Studios with contributed substantially to the $62.4 million judgment against it.

39.  Quinto's legal advice was deficient and negligently exposed VidAngel to substantial liability as a result.

40.  Much of the legal argument found in VidAngel's briefing throughout the Disney Litigation was outlined in the 2015 Opinion.

41.  The 2015 Opinion stated that the VidAngel service did not infringe on the copyrights of DVD licensors and film studios.

42.  The 2015 Opinion stated that VidAngel would not be liable for violation of the DMCA anti-circumvention provisions.

43.  The 2015 Opinion stated that the VidAngel service was compliant with the Family Movie Act ("FMA"), and thus a protected fair use of any copyrighted material.

44.  The assertions of the 2015 opinion regarding non-infringement, violation of the DMCA, the FMA, and fair use were addressed and rejected in the Disney Litigation.

45.  Quinto failed to advise VidAngel of the scope of potential damages as a result of infringement of the Studios' copyrights.

46.  Quinto advised VidAngel that immediate compliance with the Preliminary Injunction Order was not required.



47. VidAngel, in reliance upon Quinto's advice, did not comply with the Preliminary Injunction Order until at least seventeen (17) days after it was entered.

48. Non-compliance with the Preliminary Injunction Order was a substantial factor in the finding of willfulness by the Jury in the Disney Litigation.

49. Subsequent to the Preliminary Injunction Order, VidAngel redesigned their streaming technology in an attempt to comply with the order ("VidAngel 2.0").

50. Quinto advised filing of Motions to Clarify, seeking affirmation from the Court in the Disney Litigation that VidAngel 2.0 did not violate the Preliminary Injunction Order and the Studios' copyrights.

51. The Court declined to analyze VidAngel 2.0, finding the Motions to Clarify improper on the basis that they sought *de facto* declaratory judgment of legality.

52. Quinto impeded productive settlement negotiations between the Studios and VidAngel, which could have avoided the substantial judgment against VidAngel.

53. Finally, Quinto undermined the legal efforts of VidAngel's outside counsel as they worked to prepare post-trial motions to protect VidAngel.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

54. VidAngel hereby incorporates all preceding paragraphs as though fully set forth herein.

55. Defendants were in an attorney-client and otherwise special relationship of trust and confidence with VidAngel.

56. Defendants owed and owe VidAngel existing and continuing fiduciary duties.

57. Defendants' fiduciary duties owed to VidAngel included, without limitation, the duty to act with the utmost good faith and in VidAngel's best interests; to perform legal work with reasonable professional judgment, and with the level of skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake; and to notify VidAngel of the appropriate risks and benefits of the legal work being rendered.

58. The Defendants conduct described above was deficient, and was well below the requisite standard of reasonable professional judgment, skill, prudence, and diligence required of them, and constituted a breach of the fiduciary duties owed and owing to VidAngel.

59. Defendants' breaches of fiduciary duty proximately caused VidAngel to suffer damages in an amount to be determined at trial, but not less than sixty-three million dollars ($63,000,000).

## SECOND CAUSE OF ACTION
### (Professional Negligence)

60. VidAngel hereby incorporates all preceding paragraphs as though fully set forth herein.

61. Defendants were in an attorney-client and otherwise special relationship of trust and confidence with VidAngel.

62. Defendants owed VidAngel an existing and continuing duty arising from the attorney-client relationship.

63. Defendants' duties owed to VidAngel included, without limitation, the duty to act with the utmost good faith and in VidAngel's best interests; to perform legal work with reasonable professional judgment, and with the level of skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake; and to notify VidAngel of the appropriate risks and benefits of the legal work being rendered.

64. The Defendants' conduct described above was deficient, and fell well below the requisite standard of reasonable professional judgment, skill, prudence, and diligence required of them, and constituted negligence towards VidAngel.

65. . Defendants' breaches proximately caused VidAngel to suffer damages in an amount to be determined at trial, but not less than sixty-three million dollars ($63,000,000).

### THIRD CAUSE OF ACTION
### (Breach of Contract)

66. VidAngel hereby incorporates all preceding paragraphs as though fully set forth herein.

67. VidAngel and Defendants entered into a legal services contract, which agreement was binding and enforceable between the parties.

68. Pursuant to the contract, Defendants were to provide VidAngel with competent and appropriate legal advice and services, including with regard to the 2015 Opinion and other legal advice.

69. Defendants breached the contract with VidAngel as alleged above, including without limitation by failing to provide VidAngel with competent legal advice

and services; by providing a deficient and inferior legal 2015 Opinion regarding copyright infringement, litigation strategy, and other legal advice.

70. Defendants' breach of contract has proximately caused VidAngel to suffer damages in an amount to be determined at trial, but not less than sixty-three million dollars ($63,000,000).

## FOURTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith & Fair Dealing)

71. VidAngel hereby incorporates all preceding paragraphs as though fully set forth herein.

72. VidAngel and Defendants entered into a legal services contract, which agreement was binding and enforceable between the parties.

73. Inherent in every contract in Utah is an implied covenant of good faith and fair dealing.

74. Defendants were obligated not to destroy or injure VidAngel's right to receive the fruits of the parties' agreement.

75. Defendants' conduct was inconsistent with the agreed common purpose of its contract with VidAngel, and VidAngel's justified expectations.

76. Defendants' actions constituted a material breach of its obligations of good faith and fair dealing owed to VidAngel under the contract.

77. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, VidAngel has been damaged in an amount to be determined at trial, but not less than sixty-three million dollars ($63,000,000).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VidAngel, Inc. prays for judgment against Defendants as follows:

1. Judgment in favor of VidAngel and against Defendants, jointly and severally, on all Causes of Action, in the amount of no less than sixty-three million dollars ($63,000,000); and

2. Such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Utah Rules of Civil Procedure, Plaintiff VidAngel, Inc. demands a trial by jury on all issues so triable.

DATED this 20th day of April, 2020.

MAGLEBY CATAXINOS & GREENWOOD

/s/ James E. Magleby
James E. Magleby
Jennifer Fraser Parrish
Mark P. Arrington

Attorneys for Plaintiff VidAngel, Inc.

Plaintiff's Address:
295 W. Center St.
Provo, Utah 84601